763 P.2d 525

CANTEEN CORP., Petitioner,

v.

The SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF PIMA, and the Honorable James Carruth, Respondents,

and

Robert M. PARDEE, Real Party in Interest.

No. 2 CA–SA 88–0048.

Court of Appeals of Arizona, Division 2, Department A.

May 24, 1988.

Reconsideration Denied June 28, 1988.

Review Denied Nov. 15, 1988.

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Philip H. Grant, Tucson, for petitioner.

Aboud & Aboud, P.C. by Michael J. Aboud, Tucson, for real party in interest.

OPINION

HOWARD, Presiding Judge.

Petitioner brought this special action from the trial court's denial of its motion to dismiss the real party in interest's complaint on the ground that the statute of limitations had run. Special action review is particularly appropriate where the issue of the statute of limitations has been raised and, where that claim is denied incorrectly, there is no plain, speedy or adequate remedy by appeal. *Lim v. Superior Court in and for County of Pima*, 126 Ariz. 481, 616 P.2d 941 (App.1980).

The litigation centers around an automobile accident which occurred on April 17, 1985, in Tucson. The real party in interest was a passenger in a vehicle owned and operated by Timothy Noonan, which was struck by a vehicle owned and operated by Marie J. Lucas. We assume for purposes of this special action that Lucas was at fault. The Lucas vehicle was insured by State Farm, and negotiations between State Farm and the real party in interest lasted until September 26, 1986, when the real party in interest filed his lawsuit against Lucas.

In December 1986, the real party in interest underwent a neuropsychological evaluation which showed that he had suffered

brain damage in the accident. State Farm offered its policy limits of $25,000 for complete settlement of the case. On May 27, 1987, the real party in interest arranged to take the deposition of Mr. Lucas to determine if it were possible to pursue personal assets of the Lucases for an excess judgment if one were sought. Apparently at the conclusion of the deposition it appeared for the first time that Mrs. Lucas might have been within the course and scope of her employment for petitioner at the time of the collision. Further investigation established that this was in fact the case.

On July 28, 1987, an amended complaint was filed naming petitioner as a defendant. On September 11, petitioner answered the complaint and raised the defense of the statute of limitations. On October 8, petitioner filed a motion to dismiss, alleging a violation of A.R.S. § 12–542. The trial court denied that motion, ordering that the real party in interest was entitled to have the amended complaint relate back under Rule 15(c), Ariz.R.Civ.P., 16 A.R.S., and therefore avoid the statute of limitations defense. There is no dispute that the claim in the case is one of simple negligence, and the claim arose when the act of negligence occurred. *Sato v. Van Denburgh,* 123 Ariz. 225, 599 P.2d 181 (1979). Under Arizona law, an action for personal injury must be brought within two years of the date of occurrence giving rise to the complaint. A.R.S. § 12–542.

■ The pertinent portion of Rule 15(c) governing the disposition of this case is as follows:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Before an amended complaint can relate back three criteria must be satisfied: (1) the claim in the amended pleading must arise out of the same occurrence; (2) the newly-named defendant must have had notice of the claim within the period of the statute of limitations and is not prejudiced by the relation back, and (3) the newly-named defendant knew or should have known that but for the mistake in the caption of the suit, the suit would have named the defendant. *Hughes Air Corporation v. Maricopa County Superior Court,* 114 Ariz. 412, 561 P.2d 736 (1977).

■ There is no question that the pleading relates to the same occurrence referred to in the original complaint. As to the second point, it is not clear from the record before us whether petitioner had notice of the claim within the limitations period. In any event, it is the third criterion which causes the real party in interest's claim to fail. There was no mistake in the caption of the original lawsuit. No fictitious corporation is named, nor is there any indication from the pleadings that petitioner would have known that a claim against it was intended or even a possibility. Nothing before us demonstrates that petitioner ever investigated the accident or undertook any settlement negotiations.

The real party in interest's reliance on *McKinley v. Bethel,* 147 Ariz. 72, 708 P.2d 753 (App.1985) is misplaced. In that case, the amended complaint was held to relate back to the original complaint, but there the newly-named defendant suffered no prejudice by the filing of the amended complaint since he had actual notice of the occurrence which gave rise to the litigation, "and evidence was gathered by his insurer for later presentation to the trier of fact." 147 Ariz. at 74, 708 P.2d at 755. The court found that the newly-named defendant knew that he would have been named in the original complaint but for the mistake of the naming of his father.

In the instant case, the real party in interest admits that he mistakenly failed to ascertain that Marie Lucas was acting within the scope of her employment for petitioner until the limitations period had

expired. There is no mistake in the caption, but rather an effort by the real party in interest to add a new legal theory. Under the circumstances, petitioner would be prejudiced by the relation back. The order of the respondent court is vacated and the trial court is directed to enter an order granting petitioner's motion to dismiss.

LACAGNINA, C.J., and
HATHAWAY, J., concur.