798 P.2d 1368

**William BISAILLON, Plaintiff/Appellee,**

v.

**Sergio CASARES, Christopher Casares, Polly Nash, Defendants/Appellants.**

No. 2 CA–CV 89–0234.

Court of Appeals of Arizona,
Division 2, Department A.

April 19, 1990.

As Corrected May 1, 1990.

Reconsideration Denied May 31, 1990.

Review Denied Oct. 23, 1990.

Karp, Stolkin & Weiss, P.C. by Elaine C. Hardin, Tucson, for plaintiff/appellee.

Kimble, Gothreau & Nelson, P.C. by William Kimble and Thomas R. Strasburger, Tucson, for defendants/appellants.

## OPINION

ROLL, Judge.

Polly Nash appeals from a judgment holding Nash and two other defendants jointly and severally liable for damages awarded to William Bisaillon. Because we find that Bisaillon's amended complaint adding Nash as a defendant did not relate back to the original complaint, we vacate that portion of the judgment holding Nash jointly liable, and remand.

## FACTS

On August 1, 1987, Bisaillon and Nash agreed to co-host a party. The party started about 8:30 p.m. at Bisaillon's house. He collected money from his guests to help

pay for the beer. Later, the party moved to Nash's parents' house. Her parents were out of town and Nash's friends had planned to meet Nash at her house. Bisaillon transported a half keg of beer to Nash's house.

When they arrived several people were already there, including Sergio Casares and Christopher Casares. The Casares brothers were uninvited guests. At midnight, Bisaillon and Nash informed the remaining guests that the party was over. The Casares brothers refused to leave and a fight broke out between them and Bisaillon. Sergio stabbed Bisaillon with a switchblade and Chris struck Bisaillon with a wooden club. Bisaillon was seriously injured.

In September 1987, Bisaillon and Nash began dating. In November 1987 they lived together in a guest house located on Nash's parents' property.

## PROCEDURAL HISTORY

On September 17, 1987, Bisaillon filed a complaint against Sergio and Christopher Casares and their parents, seeking damages for the battering he suffered. On January 1, 1988, joint liability was abolished by statute.[1] On February 9, 1988, Bisaillon amended his complaint, adding as defendants Polly Nash, a minor, and Peter A. Franken and Peg Nash–Franken, individually and as the parents and custodians of Nash. The amended complaint alleged that the newly added defendants were joint tortfeasors because Nash negligently placed Bisaillon in a dangerous position and Nash's mother and stepfather failed to properly supervise and control Nash.

Summary judgment was awarded in favor of the Frankens. Following a trial, the jury calculated that Bisaillon sustained damages in the sum of $34,500 and allocated fault as follows:

| | |
|---|---|
| William Bisaillon | 40% |
| Sergio Casares | 40% |
| Christopher Casares | 10% |
| Polly Nash | 10% |

1. A.R.S. § 12–2506.

2. In *Hall,* the supreme court also stated that a right vests only when it is assertable as a legal cause of action. The cases relied upon by the

Nash filed a form of judgment in favor of Bisaillon and against Nash for $3,450, a sum representing 10% of the damages sustained by Bisaillon. Bisaillon objected, asserting that because the cause of action arose prior to abolition of joint liability, Nash was jointly liable for 60% of the $34,500 in damages. The trial court ruled that the amended complaint of February 9, 1988, which named Nash as a defendant, related back to September 17, 1987, the original date of filing. The trial court held that Nash was jointly and severally liable for the damages. Nash appeals from the trial court's determination that she was jointly liable.

## ISSUES ON APPEAL

Nash argues that the amended complaint does not relate back to the original complaint because the requirements of Rule 15(c), Arizona Rules of Civil Procedure, 16 A.R.S., were not met. Bisaillon argues that he had a vested right to collect joint damages from Nash and that this right cannot be abrogated by A.R.S. § 12–2506, which abolished joint liability.

### Vested Right

Bisaillon argues that his vested right to recover for his damages cannot be abrogated by retroactive application of A.R.S. § 12–2506, relying on *Hall v. A.N.R. Freight Sys., Inc.,* 149 Ariz. 130, 717 P.2d 434 (1986).

Bisaillon argues that his right to hold all tortfeasors jointly and severally liable vested at the time he was injured. We disagree. In *Hall,* the supreme court stated that rights vest when legal proceedings are commenced. 149 Ariz. at 140, 717 P.2d at 444.[2] The supreme court also stated:

> The notion that rights do not vest until the commencement of legal proceedings is not new to our jurisprudence. Indeed, it is implicit in the relevant case law.

court and the court's analysis indicate that rights are assertable when legal proceedings are commenced.

*Id.* The question then is when did legal proceedings commence against Nash. If the proceedings commenced after January 1, 1988, then the statute precludes Bisaillon from holding Nash jointly liable and Bisaillon's recovery against Nash is limited to 10% of the damages. However, if Bisaillon's complaint against Nash relates back to the date the original complaint was filed, Nash is jointly and severally liable for 60% of the damages. An analysis of Rule 15(c) is necessary to answer this question.

### Relation Back Under Rule 15(c)

Nash argues that the requirements of Rule 15(c) were not met, and therefore legal proceedings did not commence against her until February 9, 1988, the date of the amended complaint.

Pursuant to Rule 15(c), in order for an amended complaint changing the party against whom a claim is asserted to relate back to the date the original complaint was filed, the amended complaint must arise out of an occurrence set forth in the original complaint, the newly-added defendant must not be prejudiced by the amendment, and the newly-added defendant must have known from his or her omission that their failure to be named in the original complaint was due to a mistake of identity.[3] *See Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). *See also Hughes Air Corp. v. Superior Court,* 114 Ariz. 412, 413, 561 P.2d 736, 737 (1977); *Canteen Corp. v. Superior Court,* 158 Ariz. 461, 462, 763 P.2d 525, 526 (App. 1988).

**1.** *Claim Must Arise From Same Conduct*

■ Nash argues that the negligence claim against her does not arise from the conduct, transaction, or occurrence set forth in the original pleading. We disagree.

The negligence claim arises from the same occurrence set forth in the original complaint. That complaint alleged that on August 2, 1987, an assault and battery on Bisaillon was committed by the Casares brothers. The amended complaint added the allegation that Bisaillon suffered an assault and battery because he was placed in a dangerous position due to Nash's negligence. The negligence of Nash and the assault by the Casareses both occurred at the party co-hosted by Bisaillon and Nash. Accordingly, the first requirement was met.

**2.** *Notice*

■ Nash argues that she had no notice that an action had been instituted. The amended complaint, filed February 9, 1988, provided Nash with actual notice. The rule only requires notice within the period provided by law for commencing the action. Because the amended complaint was filed within two years of the allegedly tortious conduct, Bisaillon satisfied that requirement.

**3.** *Mistake of Identity*

■ Nash argues that Bisaillon made no mistake as to her identity.

Rule 15(c) requires that when an amendment changes the party against whom a claim is asserted, then that party must know or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against her.

The state bar committee note following Rule 15(c) provides some guidance:

> fied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

---

**3.** Rule 15(c) states:

> **Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satis-

The amendment to this rule provides for relation back of pleading amendments in cases in which a complainant makes a mistake in designating against whom his claim is asserted. The amendment applies primarily but not exclusively to public officials, as where a party may mistakenly suppose that a particular person occupies an office when in fact by change of circumstances it is occupied by someone else; and it also covers cases in which a suit names an agency when it should name an individual. For example, a plaintiff might sue the "State Treasury Department" instead of the "State Treasurer."

The words "changing parties" in Rule 15(c) have been construed to include adding, deleting or substituting parties. *McKinley v. Bethel,* 147 Ariz. 72, 73, 708 P.2d 753, 754 (App.1985). In *Canteen Corp., supra,* the injured plaintiff failed to ascertain facts leading to the new legal theory which had been added in the amended complaint. The complaint added a new defendant against whom she sought to bring this newly ascertained theory. *Id.,* 158 Ariz. at 462–63, 763 P.2d at 525–26. This court held: "There is no mistake in the caption, but rather an effort to add a new legal theory. Under the circumstances, petitioner would be prejudiced by the relation back." *Id.* at 463, 763 P.2d at 526. *See also Keller v. United States,* 667 F.Supp. 1351 (S.D.Cal.1987) (defendant aware of action, but plaintiff's inaction in failing to amend could have been viewed by defendant as intentional decision not to sue rather than mistake in identity). "Relation back will be refused only if the court finds that there is no reason why the party to be added should have understood that he was not named due to a mistake." 6A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 1498 (2d ed.1990).

Bisaillon knew Nash, co-hosted the party with her, and dated and lived with her after he filed his original complaint. Because there was no mistake as to the identity of the potential defendants and the amended complaint was an attempt to add a new legal theory, the amended complaint does not relate back to the date of the original complaint. Accordingly, the action against Nash commenced after joint liability had been abolished. Nash's liability is limited to 10 percent of Bisaillon's damages.

## CONCLUSION

The portion of the judgment holding Nash jointly liable is vacated. The case is remanded for proceedings consistent with this opinion.

HOWARD and HATHAWAY, JJ., concur.