193 P.3d 782

**CITY OF PHOENIX, a municipal corporation; City of Phoenix Employees' Retirement System Board, Petitioners,**

v.

**The Honorable Kenneth L. FIELDS, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Mary Ann Perez, Lou Krafts, Sherry Gill, Nan Nelson, Dorothy Hansen, Eva Hernandez, Norma Veach, Lillie Dye, Nefretari Salahdeen, Teresa Anderson, Elaine Stockton, Geraldine Martinez, Maria Montoya, Pauline Hodges, Violet Todd, Martha Martinez, Real Parties in Interest.**

No. 1 CA–SA 07–0152.

Court of Appeals of Arizona, Division 1, Department B.

April 22, 2008.

As Amended May 6, 2008.

Review Granted Sept. 23, 2008.

J. Mark Ogden, R. Shawn Oller, J. Greg Coulter, Littler Mendelson, P.C. Phoenix, Attorneys for Petitioner, City of Phoenix.

Marc R. Lieberman, Paige A. Martin, Jennifer L. Kraham, Kutak Rock LLP, Attorneys for Petitioner, City of Phoenix Employees' Retirement System Board.

Jennings, Strouss & Salmon, P.L.C. by Philip A. Robbins, Peter W. Sorensen, Paul G. Johnson, Phoenix, Attorneys for Real Parties in Interest.

## OPINION

HALL, Judge.

¶ 1 The City of Phoenix (the City) seeks special action review of the superior court's order denying its motion for summary judg-

ment.[1] The City requested judgment in its favor on damages, arguing that the notice of claim submitted by the class action plaintiffs, the real parties in interest, did not contain a specific amount for which the claim could be settled as mandated by Arizona Revised Statutes (A.R.S.) section 12–821.01(A) (2003). In denying the City's motion, the superior court determined that "strict adherence" to the statutory "specific amount" requirement is unnecessary, and indeed "impossible," for class action claims.

■ ¶2 In the exercise of our discretion, we accept jurisdiction. The question presented raises a purely legal issue of first impression and is a matter of statewide importance. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 214 Ariz. 293, 295, ¶5, 152 P.3d 490, 492 (2007) (accepting jurisdiction over notice of claim dispute because the issue presented involved a matter of public importance); *see also Sonoran Desert Investigations, Inc. v. Miller,* 213 Ariz. 274, 276, ¶¶2–3, 141 P.3d 754, 756 (App.2006). Moreover, the purpose of the notice of claim provision would be thwarted if our review of this matter were delayed pending an appeal. *Cf. Canteen Corp. v. Superior Court,* 158 Ariz. 461, 461, 763 P.2d 525, 525 (App.1988) ("Special action review is particularly appropriate where the issue of the statute of limitations has been raised and, where that claim is denied incorrectly, there is no plain, speedy or adequate remedy by appeal."), *overruled on other grounds by Ritchie v. Grand Canyon Scenic Rides,* 165 Ariz. 460, 465, 799 P.2d 801, 806 (1990). We conclude that the notice of claim requirements set forth in A.R.S. § 12–821.01(A) apply to all claims against public entities, including class action claims.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 On April 11, 2002, eight current or former employees of the City of Phoenix submitted a notice of claim to the City declaring their intention to file a lawsuit, as claimants and as representatives of a class, against the City for its alleged failure to permit claimants and similarly situated current and former Head Start employees to "participate in the benefits the City of Phoenix provides to its employees, including the retirement and pension plan, deferred compensation plan, annual leave, sick leave and healthcare benefits." The notice of claim demanded:

4. A sum of money representing the difference between what each Claimant and each class member was entitled to receive as benefits by comparison to those benefits each Claimant and each class member actually received, *in an amount not less than 10 million dollars;*

5. Funds which represent contributions which should have been made by the City of Phoenix to the City of Phoenix Retirement Plan in behalf of each Claimant and each member of the classes represented by the Claimants, in an amount which Claimants believe is *greater than 50 million dollars and less than 100 million dollars.*

6. An award of claimants' attorneys' fees and costs *in an amount not less than $1,500,000.00.*

(Emphasis added.) On May 16, 2002, plaintiffs filed an amended notice of claim with the City that added eight additional named representatives. However, their "demand for resolution" remained unchanged. When the City did not respond to the amended notice within sixty days, it was deemed denied. A.R.S. § 12–821.01(E).

¶4 On October 21, 2002, plaintiffs filed a class-action complaint against the City seeking declaratory and monetary relief. They alleged that each was employed by the City as a "teacher, administrator, aide or director in a delegate agency of the Head Start Program administered by the City," but nonetheless was "denied participation in the benefits program, including the Retirement Plan, adopted by the City for its employees[.]" They further alleged that the City "knowingly and willfully concealed the fact that it is

---

1. After the City filed its petition for special action, the City of Phoenix Employees' Retirement System Board (the COPERS Board), a co-defendant in the superior court action, filed a notice of joinder in the petition. As the context requires, all subsequent references to the "City" include the COPERS Board.

the employer of Head Start employees, and ... deliberately misrepresented the material facts concerning the employment relationship[.]" According to the complaint, in January 2002, the City "determined to transition" the program "to make each delegate agency the employer of Head Start employees in each program" rather than the City, and plaintiffs thereafter discovered that they had indeed been employees of the City despite its representations to the contrary. The superior court granted class certification on October 24, 2003. As presently constituted, the class consists of approximately 1,167 members.

¶ 5 More than four years into the litigation, shortly after the *Deer Valley* decision, the City filed a motion for summary judgment on damages.[2] In its motion, the City requested judgment in its favor as a matter of law because claimants "failed to comply with the mandatory requirements of A.R.S. § 12–821.01(A) before filing suit[.]" Citing *Deer Valley,* in which the supreme court held that a claim letter that did not include a specific amount for which the claim could be settled was insufficient, 214 Ariz. at 296–97, ¶¶ 10–11, 152 P.3d at 493–94, the City argued that neither notice of claim submitted by plaintiffs provided "a specific amount" for which the claim could be settled and also that each failed to set forth sufficient facts to support the amounts requested as required by statute. In response, claimants countered that *Deer Valley* should be limited to individual claims and that it should only be applied prospectively.

¶ 6 After hearing argument from both sides, the superior court issued a minute entry denying the City's motion for partial summary judgment. Although it agreed with the City that *Deer Valley* applied retroactively, the court held that the case did not apply to class actions:

> The factual situations surrounding the case at hand and that in *Deer Valley* are drastically different so that strictly adhering to the language of the Statute would prevent this type of case from ever moving for-

ward.... [I]t was not the Supreme Court's intention to prevent class action law suits against government entities when deciding *Deer Valley.*

> . . . .

> [T]he factual situation in the case at hand and the situation in *Deer Valley* are drastically different.... [T]he plaintiff in *Deer Valley* [ ] was a single individual, claiming damages from a single defendant. Here there are numerous plaintiffs, potentially thousands, seeking class certification. Potential class action suits at this stage have an unpredictable number of plaintiffs and potential class members because the class has not yet been certified and all the potential class members are not yet known to the named plaintiffs.

> . . . .

> [T]he extent of the damages were unknown to the plaintiffs at the time of filing the claim because they were not privy to the accounting practices of the City of Phoenix.... This information was in the control of the defendants, not the plaintiffs.

> . . . .

> [A] specific sum and a factual foundation to evaluate the claim were not some secret that only the plaintiff could reveal. The information necessary to calculate a specific amount was within the control of the defendants through their knowledge of the retirement system and personnel records of the potential class members.

> . . . .

> The facts submitted in the Notice here would have allowed the City of Phoenix and the Retirement Board to investigate the practices at issue and potentially produce an amount within the range of damages claimed by the plaintiffs. Here, sufficient facts were included to validate the claims and the relief sought.

> . . . .

> The claim for monetary damage was as exact as could be expected considering the specific information needed for the calcula-

---

**2.** Plaintiffs filed an amended complaint on March 31, 2005. In its answer to the amended complaint, the City alleged as an affirmative de-

fense that plaintiffs failed to comply with A.R.S. § 12–821.01.

tions was in the hands of the Defendant City of Phoenix.

. . . .

[T]here are many extenuating circumstances that differentiate this case from *Deer Valley* and make strict adherence to the Statute impossible.

## DISCUSSION

¶ 7 The City contends that the superior court erred by denying its motion for summary judgment on damages because the notices of claim submitted by claimants are statutorily non-compliant. Specifically, the City argues that there is no exception to the "specific amount" requirement for class-action claims.

■■■ ¶ 8 We review de novo questions of law such as the interpretation of statutes. *Schwarz v. City of Glendale,* 190 Ariz. 508, 510, 950 P.2d 167, 169 (App.1997). "When analyzing statutes, we apply 'fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.'" *Deer Valley,* 214 Ariz. at 296, ¶ 8, 152 P.3d at 493 (quoting *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). "Each word, phrase, clause, and sentence [of a statute] must be given meaning so that no part will be void, inert, redundant, or trivial." *Deer Valley,* 214 Ariz. at 296, ¶ 8, 152 P.3d at 493 (quotation omitted).

¶ 9 Section 12–821.01(A) provides:

Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall

also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

■■■ ¶ 10 As the supreme court explained in *Deer Valley,* this notice of claim statute "clear[ly] and unequivocal[ly]" instructs that a claim *"shall* also contain a *specific amount* for which the claim *can be settled* and the facts supporting that amount." 214 Ariz. at 296, ¶ 9, 152 P.3d at 493. In addition, A.R.S. § 12–821.01(A) applies broadly to all "[p]ersons who have claims against a public entity" and does not provide any exceptions. Thus, the express language of the statute "unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim." *Id.* Claimants are not required to disclose the actual amounts they will seek at trial if litigation ensues; instead, they must simply "identify the specific amount for which they will settle" the claim. *Id.*

¶ 11 Plaintiffs do not assert that they complied with the "specific amount" requirement, and they clearly did not. *See id.* at 296, ¶ 10, 152 P.3d at 493 (explaining that claimant's use of qualifying language "makes it impossible to ascertain the precise amount for which [Deer Valley] could have settled her claim"). Instead, they argue that class actions are exempt from the statutory requirement.[3]

¶ 12 According to plaintiffs, a strict application of the statute in the context of class-action claims would be contrary to *Arena v. Superior Court,* 163 Ariz. 423, 425, 788 P.2d 1174, 1176 (1990), in which the supreme court held that A.R.S. § 12–821(A) (1984), the predecessor to A.R.S. § 12–821.01(A), did not bar class actions against public entities. In effect, claimants contend that *Arena* mandates a class-action exception to the requirement that a claim against a public entity set forth a "specific amount" for which the claim can be settled.

**3.** Claimants have not reasserted that *Deer Valley's* construction of A.R.S. § 12–821.01(A) is not retroactive.

¶ 13 The issue in *Arena* was whether the notice of claim statute *precluded* the filing of class actions against a public entity, not whether class actions are *exempted* from notice-of-claim requirements. The plaintiffs asserted a class claim demanding monetary and injunctive relief on behalf of all those who paid allegedly excessive fees for building permits issued by the Pima County Building Codes Department. *Id.* at 424, 788 P.2d at 1175. Citing *Evans v. Arizona Department of Corrections*, 139 Ariz. 321, 678 P.2d 506 (App.1983), Pima County filed a motion to dismiss the portion of the class claim seeking money damages. In *Evans*, the two-judge majority held that a claim filed on behalf of a class against the state did not satisfy A.R.S. § 12–821 (1956)[4] because, although it demanded a sum certain for the class, it did not set forth the amount for which each individual would be willing to settle. 139 Ariz. at 323–24, 678 P.2d at 508–09. The superior court granted Pima County's motion to dismiss, commenting "A.R.S. [§ ]12–821 simply precludes a class action for other than injunctive relief." *Arena*, 163 Ariz. at 425, 788 P.2d at 1176.

¶ 14 Adopting Judge Grant's dissent in *Evans*,[5] the supreme court reversed, reasoning that "the claims statutes were not intended to thwart class relief" and held that A.R.S. § 12–821(A)[6] "does not bar class actions against public entities." 163 Ariz. at 426, 788 P.2d at 1177. The court further found that the claim complied with the statute because it provided Pima County "with the information necessary to investigate the merits of the claims and assess its liability," *id.* at 425–26, 788 P.2d at 1176–77, and "advise[d] Pima County of the *parameters of its potential liability*," *id.* at 426, 788 P.2d at 1177 (emphasis added). Plaintiffs assert that, as in *Arena*, their claim advised the City of the parameters of its potential liability and therefore complied with notice of claim requirements for class actions.

¶ 15 Reduced to its essence, claimants' argument is that *Arena* established a substantial compliance standard for class-action notices of claim that survived the 1994 enactment of A.R.S. § 12–821.01(A) as explicated by *Deer Valley*. We are not persuaded. In finding that the notice of claim was sufficient, in part, because it "advised Pima County of the parameters of its potential liability," *Arena* did not purport to establish a standard for judging the sufficiency of notices of claim for class actions that was in any way different from the reasonableness/substantial compliance standard for individual actions that had evolved under Arizona case law and was disapproved by *Deer Valley*. See, e.g., *Hollingsworth v. City of Phoenix*, 164 Ariz. 462, 463–64, 793 P.2d 1129, 1130–31 (App.1990) (finding adequate a claim letter that provided an "educated estimate" that damages would be "not less than $125,000"). More importantly, *Arena*, like *Hollingsworth*, predated A.R.S. § 12–821.01(A)'s requirement that a notice of claim include "a specific amount for which

---

4. "Persons having claims on contract or for negligence against the state, which have been disallowed, may on the terms and conditions set forth in this article, bring action thereon against the state and prosecute the action to final judgment."

5. Judge Grant argued that "substantial compliance with the claim presentation statute [was] sufficient" and that the class claim substantially complied with A.R.S. § 12–821 because:
   the identity and location of unnamed class members are easily discoverable from the state's records, [the] class has a well defined community of interest in the facts and seeks a common recovery, [ ] the state's liability for its acts to the entire class is discoverable from its own records, and [ ] individual claims would serve no useful purpose.
   139 Ariz. at 327, 678 P.2d at 512.

6. As amended in 1984, A.R.S. § 12–821(A) provided:

A. Persons who have claims against a public entity or public employee shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D) within twelve months after the cause of action accrues. Any claim which is not filed within twelve months after the cause of action accrues is barred and no action may be maintained except upon a showing of excusable neglect if the action is brought within the otherwise applicable period of limitations, provided that if there is no excusable neglect, and if the absence of excusable neglect is because of the conduct of the claimant's attorney, then the action shall proceed, and the public entity and public employee shall have a right of indemnity against the claimant's attorney for any liability assessed in the action.

the claim can be settled and the facts supporting that amount." *See Flood Control Dist. of Maricopa County v. Gaines,* 202 Ariz. 248, 252, ¶ 9, 43 P.3d 196, 200 (App. 2002) ("The legislature may, within constitutional limits, abrogate the common law when its intent to do so is clearly and plainly manifested.") (internal quotations omitted). Thus, *Arena* is not controlling.

¶ 16 We also reject claimants' related argument that the legislature's decision not to "specify restrictions or special procedures for class claims" reflects its intent that the specific sum requirement not apply to class actions. To the contrary, in light of *Arena's* application of former A.R.S. § 12–821 to class actions, we believe the legislature would have specifically excluded class actions from the reach of A.R.S. § 12–821.01 had it intended to exempt them. *See Daou v. Harris,* 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984) ("[W]e presume that the legislature, when it passes a statute, knows the existing laws."). The legislature's failure to do so more probably reflects its intent that all claimants, including class-action claimants, comply with the statutory requirements. *See* A.R.S. §§ 12–821.01(A) ("Persons who have claims against a public entity ... shall file claims[.]"), –821.01(F) ("This section shall apply to all causes of action which accrue on or after the effective date of this section."). In summary, there is nothing about the plain language of A.R.S. § 12–821.01(A) that supports a belief that the legislature intended to exclude class-action claimants from having to comply with its requirements.

¶ 17 Plaintiffs nonetheless contend that strictly applying the requirements of A.R.S. § 12–821.01(A) to class actions would make such actions against government entities "impossible." Echoing the practical difficulties cited by the superior court, they assert that a would-be class representative has no authority or capability to make a specific settlement demand on behalf of as yet unidentified class members before a complaint is filed. Moreover, because Arizona Rule of Civil Procedure (Rule) 23(e) requires that a class action settlement be approved by the trial court, a potential class representative cannot submit a notice of claim with a "specific amount"

that the representative can guarantee would settle the case. Therefore, according to plaintiffs, because "the law does not require the performance of a futile act," class actions should be exempt from the "specific amount" requirement. We disagree.

■ ¶ 18 Even assuming that a literal application of A.R.S. § 12–821.01 would preclude class-action damage lawsuits against governmental entities, we are not at liberty to judicially create an exemption to the statute's all-encompassing language. There is no constitutional right to file a class action, *Cutler v. Wal–Mart Stores, Inc.,* 175 Md. App. 177, 927 A.2d 1, 7 (Spec.App.2007); *see Bozaich v. State,* 32 Cal.App.3d 688, 108 Cal. Rptr. 392, 398 (1973) (stating that the right to file a class action "originates from equitable concepts"), and it is not our function to question the wisdom of a legislative enactment, *see Giss v. Jordan,* 82 Ariz. 152, 159, 309 P.2d 779, 784 (1957) ("The questions of the wisdom, justice, policy or expediency of a statute are for the legislature alone."). Further, although Arizona courts will interpret a statute contrary to its plain meaning "if necessary to effectuate the legislature's clearly expressed contrary intent or to avoid an absurd result that the legislature could not in any event have intended," *Ariz. Dep't of Revenue v. Gen. Motors Acceptance Corp.,* 188 Ariz. 441, 444, 937 P.2d 363, 366 (App.1996), neither of these exceptions apply here. First, as discussed in ¶ 16 *supra,* the judicial creation of an exemption for class actions from the requirements of A.R.S. § 12–821.01 is not necessary to effectuate the legislature's clearly expressed contrary intent. Second, given the legislature's prerogative to impose conditions as a prerequisite to the commencement of an action for money damages against a public entity, *see Flood Control Dist. of Maricopa County,* 202 Ariz. at 253, ¶ 13, 43 P.3d at 201 (citing Ariz. Const. art. 4, § 18 (the immunity clause)), and the presumption that the legislature was aware of the holding in *Arena* when it enacted A.R.S. § 12–821.01, *see Daou,* 139 Ariz. at 357, 678 P.2d at 938, we cannot say that the (assumed) inability of plaintiffs to file a class-action damages lawsuit against a public entity yields an absurd result that could not have been intended by the legislature.

¶ 19 Nor are we convinced that compliance with A.R.S. § 12–821.01(A) necessarily imposes an insurmountable obstacle for class claimants. Although Rule 23(e) provides that a "class action shall not be dismissed or compromised without the approval of the court," we do not perceive this rule as preventing potential class representatives from engaging in settlement negotiations or identifying an amount in the notice of claim for which they would be willing to settle, subject to class certification and court approval.[7] Neither do we interpret the words "can be settled" in A.R.S. § 12–821.01(A) to mean, as plaintiffs suggest, the amount for which the claimant can guarantee settlement, if agreed to by the public entity. Instead, we construe the "can be settled" requirement in a commonsense manner as indicating a legislative intent that claimants identify an amount for which they would be *willing* to settle. *See* A.R.S. § 1–213 (2002) (providing that nontechnical words and phrases in legislative enactments must be construed "according to the common and approved use of the language"); *cf. Bamonte v. City of Mesa,* 2007 WL 2022011, at 6 (D.Ariz.2007) (finding that plaintiffs' class-action notice of claim failed to comply with A.R.S. § 12–821.01 because, in part, it did not "state a precise and certain figure for which they [were] *willing* to settle their entire case").

¶ 20 Plaintiffs also assert that their estimate of damages and other information in their notice of claim was sufficient to enable the City to accurately determine its potential damages, given that, as stated by the superior court, "[t]he information necessary to calculate a specific amount was within the control of the [City] through their knowledge of the retirement system and personnel records of the potential class members." In our opinion, this is the same sort of "substantial compliance" rationale advocated by Judge Grant in *Evans* and approved by *Arena* that has been superseded by the strict requirements of A.R.S. § 12–821.01. That a governmental body may have information that would help claimants calculate their damages does not relieve claimants of the statutory requirement that the notice of claim contain the "facts supporting that amount." *See Deer Valley,* 214 Ariz. at 296, ¶ 9, 152 P.3d at 493 (claimants must "explain the amounts identified in the claim by providing the government entity with a *factual foundation* to permit the entity to evaluate the amount claimed") (emphasis added).

¶ 21 Plaintiffs contend, however, that they could not have acquired the necessary records and documents to accurately calculate a settlement amount before commencing litigation because that "is the kind of information that is difficult if not impossible to obtain in a series of public records requests." However, it is undisputed that plaintiffs did not attempt to obtain the requisite information from the City through a public records request. Pursuant to A.R.S. §§ 39–121 (2001) and –121.01(D)(1) (Supp.2007), public records are available for inspection "at all times" and the custodian of records must "promptly furnish" copies of the requested documents. Therefore, plaintiffs' assertion that the City would not have furnished the necessary records to them is, at best, speculative, *cf. Kantor v. Kahn,* 463 F.Supp. 1160, 1163 (S.D.N.Y.1979) (noting that class-action plaintiffs' counsel obtained redacted information pursuant to Freedom of Information Act), and we will not consider it.[8]

## CONCLUSION

¶ 22 Plaintiffs' amended notice of claim fails to "contain a specific amount for which

---

7. The requirement of court approval to finalize a settlement is not unique to class actions. *See* A.R.S. § 14–5424(D) (2005) (requiring conservator for protected person to obtain court approval to compromise a personal injury or wrongful death claim); *see also Gomez v. Maricopa County,* 175 Ariz. 469, 471–72, 857 P.2d 1323, 1325–26 (App.1993) (discussing Arizona case law holding that, absent court approval, a minor child may repudiate any settlement of a right of action made by the child's parent acting solely in his or her capacity as parent).

8. Because plaintiffs never made a public records request, we need not consider whether their claims might have been equitably tolled had the City not furnished the records in a timely manner. *See Pritchard v. State,* 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990) (holding that the time element with respect to filing a notice of claim is a procedural requirement "subject to waiver, estoppel and equitable tolling").

the claim can be settled" and therefore does not comply with A.R.S. § 12–821.01(A). Accordingly, we vacate the superior court's order denying the City's motion for partial summary judgment and remand to the superior court for further proceedings consistent with this opinion.[9]

CONCURRING: MICHAEL J. BROWN, Presiding Judge, and DANIEL A. BARKER, Judge.

---

**9.** In *Deer Valley*, the supreme court, after observing that it was "apparent" that the plaintiff could no longer file a notice of claim within the 180–day period required by A.R.S. § 12–821.01(A), remanded to the superior court with instructions to grant Deer Valley's motion to dismiss. 214 Ariz. at 299, ¶ 23–24, 152 P.3d at 496. In our case, although it appears that the claims of all plaintiffs, including those who opted out of the class, are probably time-barred because valid notices of claim were not filed within the requisite time period, we believe this determination should be made in the first instance by the superior court.