SUPREME COURT OF ARIZONA
En Banc

CITY OF PHOENIX, a municipal          ) Arizona Supreme Court
corporation; CITY of PHOENIX          ) No. CV-08-0159-PR
EMPLOYEES' RETIREMENT SYSTEM          )
BOARD,                                ) Court of Appeals
                                      ) Division One
                    Petitioners,      ) No. 1 CA-SA 07-0152
                                      )
          v.                          ) Maricopa County
                                      ) Superior Court
THE HONORABLE KENNETH L. FIELDS,      ) No. CV2002-020383
JUDGE OF THE SUPERIOR COURT OF        )
THE STATE OF ARIZONA, in and for      )
the County of Maricopa,               ) **A M E N D E D**
                                      ) **O P I N I O N**
                  Respondent Judge,   )
                                      )
MARY ANN PEREZ, LOU KRAFTS,           )
SHERRY GILL, NAN NELSON, DOROTHY      )
HANSEN, EVA HERNANDEZ, NORMA          )
VEACH, LILLIE DYE, NEFRETARI          )
SALAHDEEN, TERESA ANDERSON,           )
ELAINE STOCKTON, GERALDINE            )
MARTINEZ, MARIA MONTOYA, PAULINE      )
HODGES, VIOLET TODD, MARTHA           )
MARTINEZ,                             )
                                      )
          Real Parties in Interest.   )
                                      )
_____)


Special Action from the Superior Court in Maricopa County
The Honorable Kenneth L. Fields, Judge

**REMANDED**
_____

Opinion of the Court of Appeals, Division One
219 Ariz. 88, 193 P.3d 782 (App. 2008)

**VACATED**
_____

LITTLER MENDELSON, P.C.                                          Phoenix
      By   J. Mark Ogden
           R. Shawn Oller
           J. Greg Coulter
Attorneys for City of Phoenix

KUTAK ROCK LLP                                                Scottsdale
      By   Marc R. Lieberman
           Paige A. Martin
           Jennifer L. Kraham
Attorneys for City of Phoenix Employees'
Retirement System Board

JENNINGS, STROUSS & SALMON, P.L.C.                              Phoenix
      By   Peter W. Sorensen
           Paul G. Johnson
Attorneys for Mary Ann Perez, Lou Krafts, Sherry Gill,
Nan Nelson, Dorothy Hansen, Eva Hernandez, Norma Veach,
Lillie Dye, Nefretari Salahdeen, Teresa Anderson,
Elaine Stockton, Geraldine Martinez, Maria Montoya,
Pauline Hodges, Violet Todd, and Martha Martinez

CHARLES M. BREWER, LTD.                                          Phoenix
      By   David L. Abney

And

HARALSON, MILLER, PITT, FELDMAN & MCANALLY, P.L.C.      Tucson
      By   Stanley G. Feldman
Attorneys for Amicus Curiae Arizona
Trial Lawyers Association

ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST           Phoenix
      By   Timothy M. Hogan
           Joy E. Herr-Cardillo                                  Tucson
Attorneys for Amici Curiae Arizona Center
for Law in the Public Interest and the
Goldwater Institute
_____

**H U R W I T Z**, Justice

¶1      Before suing a public entity, a plaintiff must file a
notice of claim that includes "a specific amount for which the

2

claim can be settled." A.R.S. § 12-821.01(A) (2003). This case applies that statutory requirement to a class claim.

**I.**

¶2 On April 11, 2002, eight former and current Head Start workers filed a notice of claim with the City of Phoenix (the "City") and the City of Phoenix Employees' Retirement System Board (the "Board") on behalf of themselves and others similarly situated (the "Class"). The notice alleged that Head Start workers were improperly denied various benefits generally available to City employees. An amended notice of claim was filed on May 16, 2002, naming eight additional representatives. Neither the City nor the Board responded to the claim within sixty days; the claim was thus denied. *See* A.R.S. § 12-821.01(E).

¶3 On October 21, 2002, the putative class representatives filed a complaint against the City and Board in Maricopa County Superior Court, alleging constructive fraud, breach of contract, and failure to pay wages. The complaint sought certification of a plaintiff class. On March 5, 2007, after certification of the class, the defendants moved for summary judgment on the ground that the 2002 notices did not set forth an amount for which the claims of the Class could be settled.

3

¶4        The Class argued that the defendants had waived this defense through undue delay in asserting it.  The superior court found no waiver, but nonetheless denied the motion for summary judgment, holding that the settlement demand requirement of § 12-821.01(A) does not apply to class actions.  The City and Board sought special action relief in the court of appeals.

¶5        The court of appeals accepted jurisdiction and vacated the superior court's order.  *City of Phoenix v. Fields (Perez)*, 219 Ariz. 88, 193 P.3d 782 (App. 2008).  The court held that § 12-821.01(A) applies to class actions, *id.* at 94 ¶ 16, 193 P.3d at 788, and that the notices filed by the Class were deficient for failure to specify an amount for which the class claim could be settled, *id.* at 95-96 ¶ 22, 193 P.3d at 789-90.

¶6        The Class petitioned for review.  We granted review because the issue presented is of first impression and statewide importance.  *See* ARCAP 23(c).  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

### A.

¶7        The common law doctrine of sovereign immunity generally bars damages suits against public entities.  *See State v. Sharp*, 21 Ariz. 424, 426, 189 P. 631, 631 (1920) (adopting common law rule).  We abandoned that broad common law doctrine

4

in *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 387, 381 P.2d 107, 109 (1963). But although *Stone* and subsequent cases have developed a new common law of government liability, the legislature retains the power to modify the common law and develop this area of the law. *See* Ariz. Const. art. 4, pt. 2, § 18 ("The Legislature shall direct by law in what manner and in what courts suits may be brought against the State."); *Ryan v. State*, 134 Ariz. 308, 310, 656 P.2d 597, 599 (1982) ("We do not recoil from the thought that the legislature may in its wisdom wish to intervene in some aspects of this development.").

¶8      In 1984, the legislature enacted a comprehensive statutory scheme governing actions against public entities and employees. 1984 Ariz. Sess. Laws, ch. 285 (the "1984 Act") (now codified at A.R.S. §§ 12-820 to -823). The 1984 Act "declared . . . the public policy of this state that public entities are liable for acts and omissions of employees in accordance with the statutes and common law of this state," *id*. § 1(A), and set forth limited circumstances in which public entities would enjoy complete or qualified immunity from liability, *id*. § 3 (now codified at A.R.S. §§ 12-820 to -820.05). The 1984 Act also required that, before suing a public entity, a plaintiff file a notice of claim with the entity. *Id*. § 5 (previously codified at § 12-821 (1984)).

¶9      The notice of claim requirement underwent significant legislative revision in 1994.  1994 Ariz. Sess. Laws, ch. 192 (the "1994 Act").  Most relevant to today's inquiry, the 1994 Act added § 12-821.01(A), which provides:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.  The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed.  The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount.  Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.[1]

**B.**

¶10      The 1984 Act did not expressly address class claims. In *Andrew S. Arena, Inc. v. Superior Court* (*Pima County*), we held that "A.R.S. § 12-821 does not bar class actions against public entities," and that "a claim against a public entity may be presented as a class claim."  163 Ariz. 423, 426, 788 P.2d 1174, 1177 (1990).  "If the claim is denied, the court may thereafter entertain a class action on the claim provided that

---

[1]     For a general history of the notice of claim statutes, see Andrew Becke, Comment, *Two Steps Forward, One Step Back: Arizona's Notice of Claim Requirements and Statute of Limitations Since the Abrogation of State Sovereign Immunity*, 39 Ariz. St. L.J. 247 (2007).

the case is appropriate as a class action under the applicable principles of law." *Id*.

¶11     *Arena* did not address the required form of a class claim.  Nor, because it was decided under the 1984 Act, did *Arena* involve the requirement in § 12-821.01(A), added in the 1994 Act, that a notice include a "specific amount" for which the claim can be settled.

¶12     In *Deer Valley Unified School District No. 97 v. Houser* (*McDonald*), we held that in light of the "clear and unequivocal" language of § 12-821.01(A), a notice of claim must "include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim."  214 Ariz. 293, 296 ¶ 9, 152 P.3d 490, 493 (2007).  *Deer Valley*, however, did not involve a class claim.  Nor has any reported Arizona decision other than the one below applied the 1994 Act to class claims.

1.

¶13     Applying § 12-821.01(A) to class claims is complicated by the nature of class actions.  Persons filing a claim with a public entity do not yet represent a class; subsequent court certification of the class is required before the claimants attain representative capacity.  *See* Ariz. R. Civ. P. 23(c)(1) (requiring the superior court to "determine by order" whether an action may be maintained as a class action); *Arena*, 163 Ariz. at

7

426, 788 P.2d at 1177. Before certification, the putative representatives have authority to settle only their individual claims. *See* 5 Jerold S. Solovy et al., *Moore's Federal Practice* § 23.161(2)(a) (3d ed. 2007) ("*Moore's*"). Even after certification, non-representative class members generally must be given an opportunity to exclude themselves from the class. Ariz. R. Civ. P. 23(c)(2). No settlement binds remaining class members until approved by the trial court after appropriate notice and hearing. *Moore's*, *supra*, § 23.60(8).

¶14     Thus, it is simply not possible for those filing a purported class claim under the notice of claim statute to set forth a "specific amount" for which the claim of the *entire* class "can be settled," as required by § 12-821.01(A). Not only do those filing the claim lack any such authority, they also have no assurance that a class will ever be certified, how many members of the class will opt out, or whether the superior court will eventually approve a proposed settlement.

¶15     The City and Board nonetheless argue that we should interpret § 12-821.01(A) as requiring that putative class representatives make a sum-certain settlement demand on behalf of a yet-uncertified class and then file suit, seeking simultaneous class certification and settlement approval. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 618 (1997) ("[T]he 'settlement only' class has become a stock device."). The

8

initial difficulty with this argument is that such a demand would not comply with the language of the statute, which requires that the notice include "a specific amount for which the claim *can* be settled." A.R.S. § 12-821.01(A) (emphasis added). At best, the approach suggested by the City and Board would result in a notice including a sum for which the class claims *might* be settled if a class is eventually certified.

¶16 Moreover, the defendants' suggested approach conflicts with the obvious purpose of the settlement demand requirement of § 12-821.01(A) – to facilitate "the possibility of settlement prior to litigation." *Deer Valley*, 214 Ariz. at 295 ¶ 6, 152 P.3d at 492 (quoting *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527 ¶ 9, 144 P.3d 1254, 1256 (2006)). A demand on behalf of a class can be settled only after litigation, which can be extensive in nature and uncertain in outcome, both about the appropriateness of the class action and the reasonableness of the settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (noting that courts "must pay 'undiluted, even heightened, attention' to class certification requirements in a settlement context") (quoting *Amchem*, 521 U.S. at 620); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 805 (3d Cir. 1995) ("We affirm the need for courts to be even more scrupulous than usual in approving settlements where no class has yet been formally certified.");

*Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) (stating that courts permitting the use of settlement classes "are bound to scrutinize the fairness of the settlement agreement with even more than the usual care"); *cf*. 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1797.2 n.1 (3d ed. 2005) ("Wright & Miller") ("[T]he fact that a settlement is agreed upon prior to class certification is a factor weighing against approval of the settlement."). We therefore reject the argument that § 12-821.01(A) requires putative class representatives to submit a settlement demand on behalf of the class.

¶17     In contrast, the Class contends that the representatives should be excused from including *any* specific settlement demand in their notice of claim. But neither can we accept this reading of § 12-821.01(A). The statute applies to "*all* causes of action"; there is no exemption for putative class claims. A.R.S. § 12-821.01(F) (emphasis added). The legislature has the ultimate authority to regulate claims against public entities, and we are not free to ignore the language of the statute it has enacted. Some form of settlement demand for a sum certain is required by § 12-821.01(A).

### 2.

¶18     The correct interpretation of § 12-821.01(A) is suggested by the problems with the differing arguments of the

parties. Although the putative class representatives cannot make a claim on behalf of the class, nothing prevents them from including in their notice the specific amounts for which they would settle their individual claims. Because, at the time of filing the notice, each representative is authorized to act only on his own behalf, § 12-821.01(A) is properly read in the context of a class claim as requiring only that each representative make an individual settlement demand.

¶19 We therefore hold that A.R.S. § 12-821.01(A) requires a putative class representative to include in his notice of claim a "specific amount" for which his individual claim can be settled. The notice should also include a statement that, if litigation ensues, the representative intends to seek certification of a plaintiff class. If a class is later certified, the notice of claim will serve as a representative notice for other class members. *See Arena*, 163 Ariz. at 426, 788 P.2d at 1177.

¶20 This construction of § 12-821.01(A) corresponds with our treatment of a class tax-refund claim in *Arizona Department of Revenue v. Dougherty* (*Ladewig*), 200 Ariz. 515, 29 P.3d 862 (2001). The issue in *Ladewig* was whether, as a prerequisite to a class action asserting claims to tax refunds, each class member was required to file a separate administrative claim for refund with the Department of Revenue pursuant to A.R.S. § 42-

11

1118(E) (1999). 200 Ariz. at 516-17 ¶¶ 1, 6, 29 P.3d at 863-64. We noted that A.R.S. § 42-1118(E) and the notice of claim statute "share enough functional similarities that the reasoning applied in *Arena* may extend not only to class actions in tax court but also to the administrative claim process." *Id.* at 520 ¶ 16, 29 P.3d at 867. We therefore held that the putative class representative's refund claim, which identified the amount of refund she sought individually and noted her intent to pursue claims on behalf of a class if her claim was denied, sufficed to preserve the class claims. *Id.* at 522 ¶ 24, 29 P.3d at 869.

¶21 Because of the similarities between § 42-1118(E) and § 12-821.01(A), we adopt the same approach here. A class claim meets the settlement demand requirement of § 12-821.01(A) if it identifies the amount for which an individual putative class representative would settle his own claim and puts the governmental entity on notice of the claimant's intention to pursue a class action if his claim does not settle.

## III.

¶22 The notices filed by the class representatives in this case did not include amounts for which their individual claims could be settled and therefore failed to satisfy A.R.S. § 12-821.01(A). The Class and amicus Arizona Trial Lawyers Association contend, however, that if the notices are deficient,

12

the trial court erred in finding that the notice of claim statute defense was not waived.

¶23 The City and Board respond that we should not consider this argument because it was not raised in the court of appeals. Generally, we do not address arguments raised in the trial court but not in the court of appeals. *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 482, 724 P.2d 562, 568 (1986). This rule, however, "is procedural, not substantive, and may be suspended in our discretion." *Id.* Under the peculiar procedural circumstances of this case, we find it appropriate to exercise that discretion.

¶24 The waiver issue was raised by the Class in response to the defendants' motion for summary judgment. The City and Board responded to the waiver argument in their reply memoranda. The trial court's order denying summary judgment rejected the waiver argument, but concluded that the settlement demand requirement of § 12-821.01(A) did not apply to class actions.

¶25 The City's special action petition to the court of appeals sought only to vacate the superior court's ruling on the latter issue. Because the petition did not seek review of a judgment, but rather only a portion of an interlocutory order, the Class was not required in the special action to pursue its waiver argument. The court of appeals held only that the superior court erred in denying summary judgment on the basis of

13

its interpretation of § 12-821.01(A); it did not order that judgment be granted in favor of the defendants, but rather remanded the case to the superior court for further proceedings. *Fields*, 219 Ariz. at 96 ¶ 22, 193 P.3d at 790. Thus, were the superior court to enter judgment in favor of the defendants on remand, an appeal would undoubtedly ensue in which the waiver issue would be raised.

¶26 In that instance, because the superior court has already found no waiver, the appellate court would be required to address that issue on the same record now before us. The parties have fully briefed the issue in this court. Moreover, whether a government entity has waived a § 12-821.01(A) defense is a recurring issue of statewide importance. *See, e.g.*, *Yollin v. City of Glendale*, 219 Ariz. 24, 27 n.2 ¶ 4, 191 P.3d 1040, 1043 n.2 (App. 2008) (noting but not deciding waiver issue); *Jones v. Cochise County*, 218 Ariz. 372, 381 ¶ 29, 187 P.3d 97, 106 (App. 2008) (finding waiver). We therefore exercise our discretion to address this issue today.

**IV.**

¶27 An assertion that the plaintiff has not complied with the notice of claim statute is an affirmative defense to a complaint. *See Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990). An answer to a complaint must set forth "any . . . matter constituting an avoidance or affirmative defense."

14

Ariz. R. Civ. P. 8(c). Defenses omitted from an answer or Rule 12 motion are therefore waived. *See* Wright & Miller, *supra*, § 1278 ("It is a frequently stated proposition of virtually universal acceptance . . . that a failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that defense.").

¶28 The joint answer to plaintiffs' complaint filed by the City and Board asserted that the plaintiffs had "failed to exhaust their administrative, statutory, and/or contractual remedies."[2] The City and Board contend that this allegation was sufficient to raise the notice of claim statute defense. We today assume, without deciding, that this broad language preserved the defense.[3]

¶29 Even when a party preserves an affirmative defense in an answer or a Rule 12(b) motion, however, it may waive that

---

[2] The joint answer was filed on December 6, 2002. The Board filed an amended answer to the original complaint on January 7, 2004, and a second amended answer on August 11, 2004. Each contained language similar to the original joint answer with respect to exhaustion of "administrative" and "statutory" remedies.

[3] On March 31, 2005, the Class filed an amended complaint. In its answer to the amended complaint, filed on April 18, 2005, the City alleged that plaintiffs failed to comply with "the mandatory provisions of A.R.S. § 12-821.01." The Board's answer to the amended complaint, filed the next day, similarly alleged "fail[ure] to comply with the Notice of Claim statute, A.R.S. § 12-821.01." Such specific pleading is far better suited to apprise a plaintiff of a notice of claim statute defense than a general assertion of failure to exhaust administrative or statutory remedies.

15

defense by its subsequent conduct in the litigation. *See, e.g.*, *Cont'l Bank v. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir. 1993) (finding waiver of personal jurisdiction defense timely raised in answer after party fully participated in merits of litigation for more than two-and-one-half years without actively contesting personal jurisdiction). This rule applies to the notice of claim statute defense. *See Jones*, 218 Ariz. at 379-80 ¶¶ 22-23, 27, 187 P.3d at 104-05 (finding waiver when the government entity substantially participates in litigation).

¶30        Any defense a public entity may have as to the sufficiency of a notice of claim is apparent on the face of the notice. This is a matter that courts can quickly and easily adjudicate early in the litigation. *See Pritchard*, 163 Ariz. at 432-33, 788 P.2d at 1183-84 (noting that issue can be raised through motion for summary judgment to which notice is appended). Given that a government entity may entirely avoid litigating the merits of a claim with a successful notice of claim statute defense, waiver of that defense should be found when the defendant "has taken substantial action to litigate the merits of the claim that would not have been necessary had the entity promptly raised the defense." *Jones*, 218 Ariz. at 380 ¶ 26, 187 P.3d at 105.[4]

---

[4]     Cases involving arbitrable disputes provide a useful analogy. It is widely recognized that even when a dispute is

16

¶31 By any measure, the City and Board substantially participated in this litigation before raising their notice of claim statute defenses. After filing their original answer, the defendants engaged in extensive briefing as to the propriety of class certification without once suggesting that they believed all claims of the Class were barred under § 12-821.01(A). After class certification, the City and Board filed various motions, including several motions for partial summary judgment unrelated to the sufficiency of the notices of claim. The City and Board also engaged in discovery after class certification, including submission of Rule 26.1 disclosures that did not disclose a § 12-821.01(A) defense.[5] The motion for summary judgment finally

_____

subject to arbitration, that right may be waived by a party who participates substantially in litigation without promptly seeking an order from the court compelling arbitration. *See, e.g.*, *Navieros Inter-Americanos, S.A. v. M/V Vasilia Express*, 120 F.3d 304, 316 (1st Cir. 1997) ("[T]he very rationale for arbitration may be undercut if a party is permitted to pursue a claim through the courts and then later claim a right to arbitration."); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 925 (3d Cir. 1992) ("[D]efendants have waived whatever right they may have had to arbitration by actively litigating this case for almost a year prior to filing their motion to compel arbitration."); *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (implying waiver by defendant's active litigation of case for more than two years before moving to compel arbitration).

[5] At oral argument, counsel for the City initially stated that the parties did not exchange disclosure statements under Arizona Rule of Civil Procedure 26.1. After counsel for the Class indicated that the parties had exchanged Rule 26.1 disclosures, counsel for the City stated that the statements had

raising the absence of a settlement demand was filed more than four years after the date of the original complaint and more than three years after class certification.

¶32    Typically, waiver is "a question of fact." *Chaney Bldg. Co. v. Sunnyside Sch. Dist. No. 12*, 147 Ariz. 270, 273, 709 P.2d 904, 907 (App. 1985).    But in this case, waiver by conduct is apparent from the extensive litigation record below.

¶33    If the City and Board had promptly sought judicial resolution of their § 12-821.01(A) defense, the plaintiffs would have been spared considerable expense and the judicial system a significant expenditure of its resources.    Perhaps most importantly, the non-representative members of the class would have been alerted before class certification to the need to file their own separate notices of claim.    *See Fields*, 219 Ariz. at 96 n.9 ¶ 22, 193 P.3d at 790 n.9.    We therefore hold that, even assuming that the City and Board preserved the § 12-821.01(A)

---

identified only "witnesses and documents" and not "legal theories and liability."

The superior court's Case Management Orders No. 1 and 3 state that the parties did exchange initial disclosure statements, which included "a statement of claims for relief and defenses thereto along with a general statement of factual and legal theories supporting such claims and defenses."  The record includes the Class's initial disclosure statement and two amended disclosure statements from the Class.  Although the record does not contain the defendants' disclosure statements, Case Management Order No. 3 indicates that the defendants did provide such statements.

defense in their original joint answer, they waived this defense against the claims in the original complaint by their subsequent conduct.[6]

## V.

¶34      For the reasons above, we vacate the opinion of the court of appeals and remand to the superior court for further proceedings consistent with this opinion. The City's application for attorneys' fees is denied.

_____
Andrew D. Hurwitz, Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Rebecca White Berch, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
W. Scott Bales, Justice

---

[6]     On March 31, 2005, the Class filed an amended complaint adding an aiding and abetting claim against the Board. The Board's answer to the amended complaint, filed on April 19, 2005, expressly raised a notice of claim statute defense. The Board filed a motion for summary judgment asserting the absence of a sum certain for which the aiding and abetting claim could be settled on October 18, 2005. The superior court denied this motion. The parties therefore have not briefed the issue of whether the Board waived the § 12-821.01(A) settlement demand defense to the aiding and abetting claim, and we express no opinion on that issue.