778 P.2d 1328

**William J.R. TAYLOR, Personal Representative of the Estate of Sharon Faye Taylor, Deceased, Plaintiff/Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY OF CANADA, a foreign corporation; Fireman's Fund Insurance Company, a California corporation, Defendants/Appellees.**

No. 2 CA–CV 88–0334.

Court of Appeals of Arizona, Division 2, Department A.

March 23, 1989.

Review Denied Sept. 19, 1989.*

---

* Feldman, V.C.J., of the Supreme Court, voted to    grant review.

Hubert E. Kelly, Phoenix, for plaintiff/appellant.

Jennings, Kepner & Haug by Craig R. Kepner and Leonard D. Greer, Phoenix, for defendants/appellees.

## OPINION

HATHAWAY, Judge.

Plaintiff/appellant William J.R. Taylor (Taylor), personal representative of the Estate of Sharon Faye Taylor, brought an action seeking damages for breach of an automobile insurance contract under which Ms. Taylor was the named insured. Taylor appeals from the trial court's orders granting Fireman's Fund Insurance Company of

Canada's (Fireman's Fund–Canada) motion to dismiss and Fireman's Fund Insurance Company's (Fireman's Fund–U.S.) motion for summary judgment, and its denial of Taylor's motions to amend his complaint.

## FACTS

Decedent Sharon Taylor purchased automobile insurance from Fireman's Fund–Canada while she was a Canadian resident. Her policy contained an Underinsured Motorist Endorsement with policy limits of $500,000. Fireman's Fund–Canada issued the policy in Canada, and the record does not indicate that any premiums were paid in Arizona. Sharon had moved to Arizona less than three months before the accident on October 28, 1982, which resulted in her death several days later. Appellant, Taylor, is a Canadian resident. All of the potential heirs of Sharon Taylor's estate reside in and are citizens of Canada. Fireman's Fund–Canada is a foreign corporation with its home office in Toronto, Canada. It is not authorized to conduct business in Arizona, does not advertise, solicit applications for insurance, issue policies, have offices or agents or otherwise conduct business in Arizona. Fireman's Fund–U.S., a California corporation authorized to do business in Arizona, was not a party to any agreement with Ms. Taylor. Its Phoenix office was retained by Fireman's Fund–Canada to investigate the factual circumstances of the accident. It was also authorized to settle this claim up to $5,000. Fireman's Fund–U.S.'s Phoenix office may also have investigated one or two prior Fireman's Fund–Canada claims in Arizona. The exact nature of the relationship between Fireman's Fund–Canada and Fireman's Fund–U.S. is unclear from the record. An adjustment manual or portions thereof was purportedly available for clarification on that point. It was not included in the record on appeal. Even if available, it is uncertain that it was, in fact, admitted in the trial court.

Beginning shortly after Sharon Taylor's accident, Taylor's attorney communicated directly and extensively with both Fireman's Fund–U.S. and Fireman's Fund–Canada. Apparently neither Fireman's Fund–U.S. nor Fireman's Fund–Canada made any payments to the estate under Sharon Taylor's insurance policy.

Taylor, as personal representative of the decedent's estate, prosecuted a wrongful death action in Maricopa County. Judgment for Taylor in that action was entered in November 1985 in the amount of $284,431.50, plus costs. Taylor collected the maximum policy limits of $50,000 under the insured tortfeasor's insurance policy and requested the difference between the amount collected and the judgment to be paid by appellees pursuant to Sharon Taylor's underinsured motorist endorsement issued by Fireman's Fund–Canada.

## PROCEDURE

In 1986, Taylor filed the complaint in the instant action, alleging that defendants had refused to adjust the claim and seeking damages for breach of contract. Fireman's Fund–Canada filed a motion to dismiss for lack of personal jurisdiction. Fireman's Fund–U.S. filed a motion for summary judgment on the ground that it was not a party to any agreement with Sharon Taylor, but was merely an agent for Fireman's Fund–Canada. Following a consolidated hearing, the trial court granted both motions. The court also denied Taylor's motion to amend his complaint to allege a breach of an implied covenant of good faith and fair dealing.

On appeal, Taylor argues the court erred in (1) not finding jurisdiction over Fireman's Fund–Canada based on a systematic and continuous course of conduct in Arizona as well as a purposeful direction of its activities toward Arizona; (2) not finding a waiver of personal jurisdiction by Fireman's Fund–Canada; (3) finding no inference of agency or co-insurer status between Fireman's Fund–Canada and Fireman's Fund–U.S., and (4) denying his motions to amend pursuant to Ariz.R.Civ.P. 15(a), 16 A.R.S.

## I. PERSONAL JURISDICTION

In analyzing whether an assertion of personal jurisdiction over a foreign de-

fendant is contitutionally permitted, the type and extent of the defendant's contacts with the forum must be reviewed. Where the requisite threshold contacts are established, either general or specific jurisdiction may be asserted. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 736 P.2d 2 (1987).

## A. General Jurisdiction

The contacts necessary for an assertion of general jurisdiction must be within a continuous and systematic business context in the forum state. *Helicopteros*, supra,; *Batton*, supra. Taylor argues that such a course of business conduct by Fireman's Fund–Canada is established based upon Fireman's Fund–U.S.'s investigation in the present case and its adjusting of prior claims in Arizona. This, Taylor contends, distinguishes it from the facts in *Batton*.

The record reveals the following testimony of the Fireman's Fund–U.S.'s investigator.

THE WITNESS: I think this is my first fatal I've ever worked out of Canada, and we very seldom worked Canada cases.

Q. BY MR. KELLY: But you did work Canada cases in Phoenix when they arose?

A. I might have had a couple.

Q. Okay. And so when you—you have had other cases where the policy was issued to—issued out of Canada and the claim arose in Phoenix, Arizona, which you have adjusted, is that correct?

A. I might have had one or two.

Q. And do you recall those specifically?

A. The last 22 years, I've handled 10,-000 claims.

Q. I understand that, and it's difficult, but do you have any recollection of them?

A. No, not offhand.

Q. Did you work those to conclusion?

A. I don't know if I did or not.

Q. And in those instances, after you received the basic information from Canada, I take it then you would conduct yourself as you ordinarily would with regard to adjusting those claims, is that correct?

MR. KEPNER: Object to the form of that question.

THE WITNESS: No. We don't do anything on Canada claims until we have instructions, authority.

In *Helicopteros*, supra, the foreign defendant had sent its chief executive officer to Texas for a contract negotiation session, sent personnel to Texas for training and purchased equipment in Texas for substantial sums of money. The supreme court held this insufficient to meet the threshold for a continuous and systematic course of business conduct upon which to base general jurisdiction. The contacts of Fireman's Fund–Canada in the present case are even less substantial than those in *Helicopteros* and clearly do not evidence a course of business conduct which would support the assertion of general jurisdiction.

Taylor urges that, in any case, Fireman's Fund–Canada's conduct through the investigation by Fireman's Fund–U.S. meets the statutory criteria for doing business in Arizona under A.R.S. § 20–106(B)(6), and thereby meets the threshold contacts required. This court in Batton, supra, found that to the extent § 20–106 could be read to confer jurisdiction, it is unconstitutional as applied to the facts in *Batton*. On similar facts, the same result follows here.

## B. Specific Jurisdiction

An assertion of specific personal jurisdiction requires a finding that "the defendant's conduct and connection in the forum State are such that he should reasonably anticipate being haled into court there." *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980); Batton, supra. The reasonable anticipation inquiry focuses on whether the defendant purposefully created contacts with the forum state. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, reh. den. 358 U.S.

858, 79 S.Ct. 10, 3 L.Ed.2d 92 (1958). See also *Burger King*, supra; *Batton*, supra.

Taylor contends that the facts in the present case differ from those in *Batton* because Ms. Taylor was a resident of Arizona at the time of the covered accident, the insurance policy provided coverage in Arizona, the investigation of the claim took place in Arizona by a representative of the insurer, and all the representative's actions constituted the purposeful contacts contemplated by Burger King and Batton, supra. Taylor asserts that Fireman's Fund–Canada designated Fireman's Fund–U.S. as its agent to handle Taylor's claim, that their failure to pay the claim constituted a breach of contract, and that this establishes the necessary purposeful connection between the insurance company, this litigation and the forum.

The court in *Batton* refused to find jurisdiction in Arizona on an alleged bad faith breach of an insurance agreement because it could not demonstrate that the foreign insurer had any purposeful contacts with Arizona. *Batton*, 153 Ariz. at 274, 736 P.2d at 8. The court, citing *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1248 (9th Cir. 1984), stated:

> [T]he requisite minimum contacts are not established when the *plaintiff's action* "requires the defendant to send communications into th[e] forum." The mere fact that [the insurer] responded to [plaintiff's] Arizona lawyers, and may have committed a tort against [plaintiff] in the process, is not evidence that [the insurer] purposefully availed itself of the privilege of conducting business in Arizona. [citation omitted] Jurisdiction over bad faith cases cannot be established solely by the plaintiff's unilateral choice of the forum from which to request benefits. (Emphasis in original)

*Batton*, 153 Ariz. at 274, 736 P.2d at 8.

■ In the present case, the record reveals that Taylor's attorney sent a letter requesting information to the H.K. Insurance Agency in Rexdale, Ontario, Canada, on November 5, three days after Sharon Taylor's death. On that same date, he sent a letter to Fireman's Fund–U.S.'s Phoenix office advising that he was the attorney for Ms. Taylor's estate, that he had a copy of Ms. Taylor's insurance policy with the H.K. Insurance Company (enclosing a copy of the underinsured motorist endorsement renewal invoice) and that he should be contacted with any questions. Subsequently correspondence from Fireman's Fund–U.S. and Fireman's Fund–Canada merely requested information. The necessary contacts which Taylor contends allow an imposition of specific personal jurisdiction are little more than communications responding to unilateral acts initiated by Taylor. We agree with the *Hunt* court that by requiring a defendant to send communications into a forum a plaintiff cannot thereby establish the threshold minimum contacts required to assert specific personal jurisdiction. *Hunt*, 728 F.2d at 1248; *Batton*, 153 Ariz. at 274, 736 P.2d at 8.

We note parenthetically that Ms. Taylor was a Canadian citizen who had been a resident of Arizona only a short period of time at the time of her death, the policy in question was purchased while she was a Canadian resident and all premium payments were made in Canada. There are at least two other judicial proceedings pending in Canada based on the same facts and causes of action pending in Arizona.

### C. Fairness Test

■ Taylor further argues that personal jurisdiction may be asserted upon a showing that to do so would not offend traditional notions of fair play and substantial justice. *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Before the analysis can proceed to this issue, however, it must have been established that the defendant purposely directed its activities at the forum state. *Asahi Metal Industry Co. Ltd. v. Superior Court*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92, 105 (1987). Having found no such purposeful contacts, we need not engage in a fairness analysis.

### II. WAIVER OF JURISDICTIONAL DEFENSE

■ Taylor urges that Fireman's Fund–Canada voluntarily submitted itself to Arizona jurisdiction because in two instances its actions constituted an appearance. In

the first instance, Fireman's Fund–Canada asserted the forum selection clause of the insurance contract as well as the claim of lack of personal jurisdiction in its motion to dismiss, which included an affidavit of one of its officers. Taylor contends that by asserting its forum clause, it was, in effect, requesting relief in the Arizona courts requiring interpretation of a provision in the insurance contract.

In its minute entry order of July 1, 1987, the trial court stated:

> The Court also disagrees with plaintiff's argument that by asserting the forum clause in the motion to dismiss, the moving defendant has entered a general appearance and waived the jurisdictional defense. The Court does not interpret the moving defendant's urging of this ground as a separate request for affirmative relief. Rather, the Court interprets the urging of the clause to be consistent with the defendant's position that there is no jurisdiction in Arizona.

We agree.

Taylor argues that Fireman's Fund–Canada's filing a response opposing Taylor's motion to amend was also a waiver of its jurisdictional defense. The response in question simply requested the trial court to stay any action to amend because "the court is well aware that motions are pending before this court which, if granted, will dispose of all issues in the above-captioned matter. For this reason, plaintiff's motion to add a 'bad faith' claim to his complaint is premature and should be denied." Such a response does not rise to the level of a general appearance requesting affirmative relief thereby waiving an objection to the assertion of personal jurisdiction.

### III. INFERENCES OF FIREMAN'S FUND–CANADA FIREMAN'S FUND–U.S. RELATIONSHIP

Appellant contends that the trial court erred in granting summary judgment on the basis that Fireman's Fund–Canada and Fireman's Fund–U.S. were not co-insurers of Ms. Taylor and therefore not jointly liable. "Summary judgment is appropriate where the record shows that where there is no genuine dispute as to any material fact, that only one inference can

be drawn from those facts, and that based upon the facts, the moving party is entitled to judgment as a matter of law." *Auto–Owner's Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988). The record reveals only that Fireman's Fund–U.S. investigated this claim on behalf of Fireman's Fund–Canada. Joint liability cannot be inferred without more. See *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 540–41, 647 P.2d 1127, 1138–39 cert. den. 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); *Farr v. Transamerica Occidental Life Ins. Co. of California*, 145 Ariz. 1, 11, 699 P.2d 376, 386 (App.1984).

### IV. DENIAL OF MOTIONS TO AMEND

Our holding renders a discussion of Taylor's last arguments moot. We therefore decline to address them.

Affirmed.

LIVERMORE, P.J., and HOWARD, J., concur.