IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL RUSSO, *Plaintiff/Appellant*,

*v.*

STEVEN E. BARGER and CAROL BARGER, husband and wife; ALAN R.
MISHKIN and CAROL MISHKIN, husband and wife,
*Defendants/Appellees*.

No. 1 CA-CV 14-0588
FILED 1-26-2016

Appeal from the Superior Court in Maricopa County
No. CV 2009-018954
The Honorable J. Richard Gama, Judge

**VACATED AND REMANDED**

COUNSEL

Escolar Law Office, Phoenix
By M. Philip Escolar
*Counsel for Plaintiff/Appellant*

The Law Offices of Mary T. Hone, PLLC, Scottsdale
By Mary T. Hone
*Counsel for Defendants/Appellees*

**OPINION**

Judge Margaret H. Downie delivered the opinion of the Court, in which
Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

**D O W N I E**, Judge:

¶1        Michael Russo appeals the dismissal of his civil claims against Steven Barger, Carol Barger, Alan Mishkin, and Carol Mishkin (collectively, "Appellees") based on a forum selection clause that designates Mexico as the appropriate venue for litigation. Because we conclude that Appellees waived reliance on the forum selection clause by actively participating in the state court litigation for more than three years before moving to dismiss on that basis, we vacate the superior court's judgment and remand for further appropriate proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        Russo spoke with a representative of Abigail Properties, LLC, and Las Palomas Resort, S.A. de C.V. about purchasing a condominium in Puerto Penasco, Mexico. Russo was advised that the ongoing construction project was being supervised, managed, and developed by American citizens Alan Mishkin and Steve Barger.

¶3        On April 15, 2006, Russo entered into an agreement with The Worldwide Group, S.A. de C.V. ("Worldwide") to purchase a unit at the Las Palomas Seaside Golf Community ("the Condo"). Russo paid deposits totaling $136,150 and signed a purchase contract that included a forum selection clause stating:

> In case of any conflict or controversy that may arise as regards the interpretation or compliance hereof, the parties irrevocably subject themselves to the applicable laws and the jurisdiction of the competent courts of the city of Hermosillo, Sonora, United Mexican States expressly waiving any present or future jurisdiction or venue that could correspond to them due to their domiciles or any other cause.

¶4        The purchase contract stated that the Condo would be completed and delivered to Russo by March 31, 2008. When that did not occur, Russo demanded rescission of the purchase contract and a refund of his deposits. He received neither.

¶5        Alan Mishkin wrote to Russo on October 13, 2008, calling himself the "spokesperson" for Worldwide, and stating, in pertinent part:

> Because of the continuing deterioration of the lending market in the United States, and the significant slow-down in funding for the project, [Worldwide] applied to the civil

courts in the State of Sonora, Mexico, and submitted a Motion for Declaratory Ruling requesting relief on the basis of *force majeure*.

The concept of *force majeure* is an equitable legal principle pursuant to which a party to a contract whose performance has been made physically and/or economically impossible (or at least impracticable) due to circumstances totally beyond his control, can be given certain types of relief. On March 13, 2008, the civil judge in Sonora, Mexico entered a Declaratory Ruling (Judgment) in favor of [Worldwide] based on this legal concept.

The result of the Mexican Court's *force majeure* ruling is to extend the time deadline for [Worldwide] to finish construction and effect delivery of your unit in the Project to a date later than that required in your purchase contract. Stated another way, the practical effect of this ruling is that a court of law has now determined, due to circumstances beyond [Worldwide]'s control, that [Worldwide] **is not in breach of its agreement with you for failing to provide delivery of your unit in accordance with the terms set forth in your Purchase Contract.** What this means in plain terms is that when [Worldwide] has your unit completed and presents it to you, *you will be obligated to close on the purchase of the unit* at that point in time, or suffer the complete forfeiture and loss of your earnest money deposit.

¶6            Russo retained an attorney in Mexico who advised that no such ruling had issued. A translation of the purported *force majeure* ruling revealed that the Mexican court had simply granted a motion Worldwide had filed "to submit expert testimonial information whereby the proposed witnesses issue statements regarding the economic (mortgage) crisis affecting the United States of America, as noted in the international financial and economic media outlets, and its impact in Mexico."

¶7            In June 2009, Russo filed an eight-count complaint in the Maricopa County Superior Court naming Appellees, Worldwide, Abigail Properties, and Las Palomas Resort as defendants.[1] The defendants filed a

---

[1]       Only the claims against the Bargers and Mishkins are at issue in this appeal. Count 1 sought statutory rescission as to Worldwide; count 2

joint answer in July 2009 and enumerated several affirmative defenses, including a lack of jurisdiction based on "constitutional due process deficiencies, procedural due process deficiencies, the forum selection clause set forth in the contract which Plaintiff executed with one or more of the Defendants in this matter, and/or on other grounds as well[.]"

¶8            Russo filed a motion for partial summary judgment against Worldwide in March 2010.  Worldwide responded in opposition, and all of the defendants — Appellees included — cross-moved for summary judgment on various grounds not including the forum selection clause. The superior court denied all of the summary judgment requests.

¶9            With leave of court, Russo filed an amended complaint in October 2011.  After Appellees successfully moved to set aside default judgments that issued when they failed to timely answer the amended complaint, the Bargers moved to dismiss Russo's claims based on the forum selection clause, and the Mishkins joined in that motion. The superior court granted the motion, concluding the forum selection clause was enforceable and had not been waived.[2]  The court awarded Appellees attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 12-341.01 and taxable costs.

¶10           Russo timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

---

requested declaratory relief against Worldwide and Abigail Properties; count 3 sought equitable rescission as to Worldwide; count 4 alleged consumer fraud against all defendants; count 5 alleged negligent misrepresentation against Appellees and Abigail Properties; count 6 alleged unlawful acts under Arizona Revised Statutes ("A.R.S.") section 13-2301, *et seq*., against all defendants; count 7 alleged negligence against Barger and Abigail Properties; and count 8 requested injunctive relief against all defendants.

[2]      Appellees filed a separate motion to dismiss the amended complaint based on Arizona Rule of Civil Procedure 12(b)(6).  Russo moved to convert that motion into one for summary judgment.  The superior court concluded that its dismissal order premised on the forum selection clause made it unnecessary to resolve these motions.  On remand, those motions may be litigated if appropriate.

4

## DISCUSSION

¶11      The question before us is not whether the forum selection clause in the purchase contract is substantively valid. *See, e.g., Societe Jean Nicolas et Fils v. Mousseux*, 123 Ariz. 59, 61 (1979) ("[A] forum selection clause that is fairly bargained for and not the result of fraud will be enforced so long as to do so is reasonable at the time of litigation."). Rather, we are asked to decide whether Appellees waived reliance on that clause by their conduct in the litigation. Because the facts relevant to this inquiry are undisputed, we review the superior court's waiver determination *de novo*. *See Grosvenor Holdings L.C. v. City of Peoria*, 195 Ariz. 137, 139, ¶ 6 (App. 1999) (appellate court reviews legal rulings based on undisputed facts *de novo*); *cf. Bennett v. Appaloosa Horse Club*, 201 Ariz. 372, 375, ¶ 11 (App. 2001) (enforceability of forum selection clause is reviewed *de novo*).

¶12      "It is, of course, true that one party may waive any provision of a contract made for his benefit." *Concannon v. Yewell*, 16 Ariz. App. 320, 321 (1972). "Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment." *Am. Continental Life Ins. Co. v. Ranier Constr. Co.*, 125 Ariz. 53, 55 (1980). Russo does not contend Appellees expressly waived the forum selection clause. He argues instead that waiver "can be inferred by a pattern of conduct." A litigant asserting waiver by conduct must establish acts by the opposing party that are clearly inconsistent with an intention to assert the right in question. *See id.*

¶13      In ruling on waiver, the superior court noted that Appellees had "preserved the issue of lack of jurisdiction" in their answer. We agree that they did so, but the inquiry does not end there. As Appellees concede, notwithstanding the preservation of an affirmative defense in an answer, a defendant "may waive that defense by its subsequent conduct in the litigation." *City of Phoenix v. Fields*, 219 Ariz. 568, 574, ¶ 29 (2009).

¶14      The notion that an otherwise-enforceable forum selection clause may be waived by litigation-related activity is consistent with appellate jurisprudence in analogous contexts. In *Fields*, for example, the Arizona Supreme Court held that a defendant who preserved a notice-of-claim defense in its answer nonetheless waived reliance on that defense through subsequent conduct. *Id.* at 575, ¶ 33. Waiver, the court held, should be found when the defendant "has taken substantial action to litigate the merits of the claim that would not have been necessary had the entity promptly raised the defense." *Id.* at ¶ 30.

5

¶15　　　Cases addressing arbitration clauses also offer guidance because "[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974). In Arizona, it is "widely recognized that even when a dispute is subject to arbitration, that right may be waived by a party who participates substantially in litigation without promptly seeking an order from the court compelling arbitration." *Fields*, 219 Ariz. at 575 n.4, ¶ 30; *see also Bolo Corp. v. Homes & Son Constr. Co.*, 105 Ariz. 343, 347 (1970) (plaintiff who "sought redress through the courts, in lieu of the arbitration tribunal, and asked the court for exactly the same type of relief . . . which an arbitrator is empowered to grant" waived right to enforce arbitration clause); *EPC Dev. Corp. v. F. F. Baugh Plumbing & Heating, Inc.*, 24 Ariz. App. 566, 569 (1975) (finding waiver of arbitration clause by "conduct inconsistent with utilization of the arbitration remedy").

¶16　　　We hold that, as with arbitration clauses and notice-of-claim defenses, a party may waive reliance on an otherwise-enforceable forum selection clause by participating substantially in litigation without promptly seeking to enforce the clause. In this case, between the July 2009 answer and the August 2012 motion to dismiss based on the forum selection clause, Appellees:

- Filed a joint pretrial memorandum in October 2009.

- Filed a stipulated scheduling order setting deadlines for disclosing witnesses, conducting written discovery, taking depositions, filing dispositive motions and motions to amend, and participating in mediation.

- Participated in an October 2009 status conference.

- Participated in a March 2010 status conference.

- Stipulated to a revised scheduling order.

- Stipulated to placing the case on the active calendar and entry of a revised scheduling order that set deadlines for disclosures, discovery, and pretrial motions.

- Moved for summary judgment on counts 1, 2, and 5 of the original complaint based on: (1) the statute of limitations; (2)

inapplicability of statutes upon which Russo relied; and (3) lack of reliance.[3]

- Participated in a September 2010 status conference.

- Stipulated to a revised scheduling order, stating that the parties "have dutifully pressed the claims and defenses in this case, *as vast amounts of disclosure and discovery has already taken place*, including written discovery requests and responses and multiple depositions."  (Emphasis added).

- Participated in a January 2011 status conference.

- Presented oral argument in opposition to Russo's motion for partial summary judgment and in support of their own cross-motion for summary judgment.

- Filed supplemental briefing regarding whether the statute of limitations had been tolled.

- Stipulated to entry of a revised scheduling order in September 2011.

- Participated in a pretrial conference on September 27, 2011, at which time the court set new disclosure, discovery, and mediation deadlines.

- Filed a pretrial conference memorandum in January 2012. That memorandum advised the court that "many depositions have already been taken" and that the parties had "exchanged multiple disclosure statements and supplements."  Russo also certified his readiness for trial and requested a trial date.

- Participated in a pretrial conference on January 26, 2012.

- Participated in depositions, including those of Alan Mishkin and Michael Russo.

---

[3]     One of these counts (count 5) named Appellees as defendants.  In seeking summary judgment, Appellees argued, *inter alia*, that they never marketed the Condo nor solicited Russo and that Russo had not relied on Alan Mishkin's representations about a substantive *force majeure* ruling.

¶17 In fact, Appellees did not seek to enforce the forum selection clause until after the case had been set for trial. And by that time, they had lost on the merits of their statute of limitations defense. In rejecting Appellees' limitations defense, the superior court ruled:

> This Court does find that there exist sufficient facts to invoke the operation of the principle of equitable tolling to this 3 year statute of limitation. The facts support an equitable tolling of this applicable statute of limitation from the dates of June 19, 2008 through and including November 19, 2008 a period of 153 days. That is from the issuance of the Amended Public Report through the date Plaintiff discovered the non-existence of the "Force Majeure."

¶18 Appellees' reliance on *Taylor v. Fireman's Fund Ins. Co. of Canada*, 161 Ariz. 432 (App. 1989), is unavailing. *Taylor* implicitly recognized that a forum selection clause is subject to waiver, though we concluded in that case that the act of opposing a motion to amend on the basis that there was a pending motion to dismiss premised on a forum selection clause did not "rise to the level of a general appearance requesting affirmative relief thereby waiving an objection to the assertion of personal jurisdiction." *Id.* at 437.

¶19 Had Appellees timely sought dismissal based on the forum selection clause, years of litigation and expense could have been avoided, as well as the expenditure of significant judicial resources.[4] *See Fields*, 219 Ariz. at 575, ¶ 33 (noting that if defendants had "promptly sought judicial resolution of their [notice-of-claim] defense, the plaintiffs would have been spared considerable expense and the judicial system a significant expenditure of its resources"). Instead, Appellees waited more than three years to assert a defense they were well aware of from the outset of the litigation.

¶20 Although waiver is typically a question of fact, *id.* at ¶ 32, as in *Fields*, we have no difficulty concluding here that "wavier by conduct is apparent from the extensive litigation record below." *Id.*; *see also Jones v. Cochise Cty.*, 218 Ariz. 372, 380, ¶ 28 (App. 2008) (although waiver is typically a question of fact, "the facts relating to waiver are uncontested,

---

4 In addition to the enumerated activities, Russo retained an expert who filed a preliminary expert opinion affidavit pursuant to A.R.S. § 12-2602.

occurred after litigation began, and are wholly unrelated to the underlying facts of the [notice of] claim," making the decision a question of law for the trial court). We reject Appellees' attempt to disassociate themselves from the other named defendants. During the more than three-year period in question, all of the defendants were jointly represented. And with a few exceptions not relied on for our waiver analysis, the record does not support drawing distinctions between actions taken by Appellees and conduct by other defendants. In fact, the record compels the opposite conclusion because it reveals that the relevant filings were made on behalf of *all* defendants.

**¶21** Finally, Appellees assert in cursory fashion that because Russo filed an amended complaint in October 2011, they timely sought to enforce the forum selection clause in August 2012. We disagree. The amended pleading gave rise to no new or different affirmative defenses. It merely added allegations to the existing statutory rescission count against Worldwide and included a new statutory reference in the injunctive relief count.

## CONCLUSION

**¶22** As a matter of law, Appellees waived reliance on the forum selection clause by their conduct in the underlying litigation. We therefore vacate the judgment of dismissal, as well as the award of attorneys' fees and costs to Appellees. We remand to the superior court for further proceedings consistent with this opinion.

**¶23** We deny Appellees' request for attorneys' fees and costs incurred on appeal because they have not prevailed. In the exercise of our discretion, we award Russo his taxable costs on appeal, as well as a reasonable sum of attorneys' fees pursuant to A.R.S. § 12-341.01, upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama