NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LEWIS Y., *Appellant,*

*v.*

CASSIDY G., A.G., *Appellees.*

No. 1 CA-JV 18-0080
FILED 10-18-2018

Appeal from the Superior Court in Maricopa County
No. JS18988
The Honorable Glenn A. Allen, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Cassidy G., Phoenix
*Appellee*

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge James B. Morse Jr. and Chief Judge Samuel A. Thumma joined.

**B E E N E**, Judge:

¶1          Lewis Y. ("Father") appeals the superior court's denial of his motion to continue a termination adjudication, resulting in the termination of his parental rights.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          A.G. was born in 2011.  Father's only personal contact with A.G. was the day after A.G. was born.  In 2015, Father contacted Mother and set up a meeting with A.G., however, Father later informed Mother that he would not be able to meet with A.G.

¶3          In April 2017, Mother filed a petition to terminate Father's parental rights.  At hearings in August and October 2017 and again in January 2018, the superior court allowed Father to appear telephonically but ordered that he would need to appear in person at the termination adjudication set for February 13, 2018.  At the October 2017 hearing, the court also reviewed the Form III, Notice to Parent in Termination Action, with Father, which informed him that any failure to appear at future hearings "may be deemed as an admission to all the facts in the petition and the Court may proceed to an adjudication of the ultimate issues."

¶4          A week before the termination adjudication, Father filed a Motion to Continue Trial, stating that he recently started new employment and was unable to take time off from work to attend the hearing.  Father also stated that he lives in Colorado and "cannot now afford to travel" to Arizona to attend the hearing in person, but that he anticipated being able to do so "in approximately two months."

¶5          Father did not appear for the termination hearing in person or by telephone.  At the beginning of the hearing, Father's appointed counsel advised the court that he had recently informed Father that the hearing was "still scheduled until he heard otherwise."  The court denied Father's motion to continue and found that no good cause had been established to excuse Father's absence from the hearing.  The court further found that Father waived his right to contest the allegations of the petition and proceeded with the termination hearing *in absentia* with Father's counsel present.  Counsel was afforded an opportunity to object to Mother's evidence and cross-examine Mother, the only witness.

¶6          After receiving evidence and hearing argument, the superior court granted the petition and terminated Father's parental rights, finding that Mother had proven abandonment by clear and convincing evidence

and that termination was in A.G.'s best interests. Ariz. Rev. Stat. ("A.R.S.") section 8-533(B)(1). Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and the A.R.S. §§ 8–235(A), 12–120.21(A)(1), and -2101(A).

## DISCUSSION

**¶7** Father raised only one issue on appeal: whether the superior court abused its discretion when it denied Father's motion to continue the termination hearing.[1]

**¶8** We review a superior court's denial of a motion to continue, and "what constitutes good cause for failure to appear," for an abuse of discretion. *Bob H. v. ADES*, 225 Ariz. 279, 282, ¶ 12 (App. 2010); *Yavapai Cty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988).

**¶9** By rule, at an initial termination hearing, the superior court is directed to "advise the parent . . . that failure to appear at the . . . termination adjudication hearing, without good cause shown, may result in a finding that the parent . . . has waived legal rights, and is deemed to have admitted the allegations in the . . . petition for termination." Ariz. R.P. Juv. Ct. 65(D)(3). The court is also directed to advise "that the termination adjudication hearing may go forward in the absence of the parent . . . and may result in the termination of parental rights based upon the record and evidence presented." *Id.* If a parent subsequently fails to appear at the termination hearing without good cause shown, but having received all required notices and admonitions, he or she may be found to have waived his or her rights, and "the court may terminate parental rights based upon the record and evidence presented." Ariz. R.P. Juv. Ct. 66(D)(2); *see also Manuel M. v. ADES*, 218 Ariz. 205, 211, ¶ 19 (App. 2008); *see also Willie G. v. ADES*, 211 Ariz. 231, 234, ¶¶ 14-17 (App. 2005) (the court did not abuse its discretion when it required parents to appear in person for a contested dependency hearing when parents voluntarily departed Arizona and argued that "extremely limited financial resources" prevented them from returning for the hearing).

---

[1] Mother did not file an answering brief, which could be construed as a confession of error. *See Gibbons v. Indus. Comm'n*, 197 Ariz. 108, 111, ¶ 8 (App. 1999); *State v. Woods*, 236 Ariz. 527, 529-30 n.1, ¶ 9 (App. 2015). Particularly given that the best interests of a child are involved, however, in the exercise of our discretion, we address the merits of Father's appeal. *Gibbons*, 197 Ariz. at 111, ¶ 8.

¶10    Because the record supports the court's findings that Father received proper notice, was aware of the termination hearing, was instructed to appear in person and failed to appear in person or by phone, the superior court did not abuse its discretion by denying Father's motion to continue. *See Yavapai Cty. Juv. Action No. J-9365*, 157 Ariz. at 499; *Schickner v. Schickner*, 237 Ariz. 194, 197, ¶ 13 (App. 2015).

¶11    Father further argues he was prejudiced by the hearing proceeding in his absence. Procedural due process requires reasonable notice and an opportunity to be heard. *J.D.S. v. Franks*, 182 Ariz. 81, 95 (1995). Because Father received all required notices and admonitions, and his attorney was present during the hearing with an opportunity to object to evidence and cross-examine witnesses, we find no due process violation simply because Father did not avail himself of his opportunity to be present.

¶12    Father also contends that he was "further prejudiced by being precluded from presenting evidence . . . ." The record, however, does not reflect that the court precluded Father from presenting evidence at the hearing. Because the court did not preclude Father, or his attorney, from providing testimony or other evidence at the hearing, the factual predicate for this argument is lacking.

¶13    On appeal, Father did not contest either the court's finding that clear and convincing evidence supported the statutory ground for termination of Father's parental rights or its finding that the termination was in A.G.'s best interests. He has therefore waived these arguments on appeal and, in any event, the record fully supports these findings. *See City of Phoenix. v. Fields*, 219 Ariz. 568, 573, ¶ 23 (2009) ("Generally, we do not address arguments raised in the trial court but not in the court of appeals."); *see also* ARCAP 13(a)(7)(B) (appellate briefs must contain "references to the record on appeal where the particular issue was raised and ruled on").

## CONCLUSION

¶14      For the foregoing reasons, we affirm the court's termination of Father's parental rights to A.G.

